UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

UNITED STATES OF AMERICA,  Case No. 15-CR-216-PP

    Plaintiff,

v.

JAMES G. WHEELER,

    Defendant.

---

**DECISION AND ORDER ADOPTING MAGISTRATE JUDGE'S RECOMMENDATION (DKT. NO. 14) AND DENYING DEFENDANT'S MOTION TO DISMISS COUNT TWO OF THE INDICTMENT (DKT. NO. 8)**

---

On November 3, 2015, defendant Wheeler was indicted by a federal grand jury on charges of violating the Hobbs Act (18 U.S.C. §§ 1951(a) and (2)) by robbing an employee of a clothing store by means of force, and of knowingly using, carrying or brandishing a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. §§924(c)(1)(A)(iii) and 2. Dkt. No. 1. On December 4, 2015, the defendant filed a motion to dismiss Count Two—the charge of using, carrying or brandishing a firearm during a crime of violence. Dkt. No. 8. The defendant argued that the Hobbs Act robbery did not constitute a predicate "crime of violence" required in order to give rise to the enhanced penalty provisions of §924(c)(1)(A)(iii). Id.

The government responded to the motion to dismiss on December 14, 2015, Dkt. No. 10, and Magistrate Judge David E. Jones issued a recommendation on January 6, 2016, Dkt. No. 14. Judge Jones found the

1

defendant's arguments unpersuasive, and recommended that this court deny the defendant's motion to dismiss. Id.

The court has reviewed Judge Jones' January 6, 2016 recommendation (in particular, pages seven through eleven, which deal with the defendant's argument that a Hobbs Act robbery cannot constitute a "crime of violence" giving rise to the enhanced penalty provided for in §924(c)(1)(A)(iii) if it does not involve violent physical force). The court agrees with Judge Jones both that the defendant has cited no cases supporting his argument that "physical force" under §924(c)(3)(A) (the section of §924(c) which defines "crime of violence") must involve violent force, and that the predicate offense involved in the Fourth Circuit case the defendant relies upon—United States v. Torres-Miguel, 701 F.3d 165 (4th Cir. 2012)—is distinguishable from the different acts which may constitute a Hobbs Act violation. The court also agrees that committing a robbery by putting a person in fear of injury—one of the acts which constitutes a violation of the Hobbs Act—necessarily involves an attempt or threat to cause such an injury, or to cause physical pain—which §924(c)(3)(A) defines as a "crime of violence" for purposes of the enhanced penalty provided for in §924(c)(1)(A)(iii). Finally, the court agrees with Judge Jones that there is no need to reach the defendant's alternate argument—that even if the Hobbs Act offense constituted a "crime of violence" as defined by §924(c)(1)(A)(iii), the court must dismiss Count Two because §924(c)(3)(B) is unconstitutionally vague under the Supreme Court's decision in Johnson v. United States, 135 S.Ct. 2551 (2015). Judge Jones found, and this court agrees, that the Hobbs

2

Act robbery charged in this case constituted a "crime of violence" under the definition provided in §924(c)(3)(A); thus, the court need not consider the constitutionality of the definition of "crime of violence" provided in §924(c)(3)B.

For these reasons, the court adopts Judge Jones' recommendation in whole, and incorporates his conclusions and the reasoning supporting those conclusions into this order.

The court **ORDERS** that the defendant's December 4, 2015 motion to dismiss Count Two is **DENIED**. (Dkt. No. 8)

Dated in Milwaukee, Wisconsin this 29th day of February, 2016.

BY THE COURT:

HON. PAMELA PEPPER
United States District Judge